**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

TYREICE D. HAGGINS,            )
                                                )
        **Plaintiff,**     )
                                                )
v.                                            )    Case No. 10-2524-JTM
                                                )
GARY LIBERTI, LARRY BALDWIN,   )
HADLEY BRADBURY, and UNITED    )
PARCEL SERVICE, INC.,          )
                                                )
        **Defendants,**    )
                                                )
_____)

## **MEMORANDUM AND ORDER**

This matter is before the court on United Parcel Service's (UPS) motion for a protective order (Doc. 14). Plaintiff opposes the motion. For the reasons set forth below, the motion shall be GRANTED.

### **Background**

Plaintiff, a former UPS employee, was terminated from his employment in 2009. Highly summarized, plaintiff alleges that defendants defamed him by publishing false information concerning his termination. Specifically, plaintiff contends that defendants wrongly published information indicating that he was terminated for falsifying his time records. Plaintiff also alleges that his contract of employment with UPS provided that he

would be paid a certain amount regardless of the number of hours he worked.

**Motion for Protective Order**

Because plaintiff's allegations concern his employment and timekeeping requirements, UPS anticipates that it will disclose or be requested to disclose confidential information concerning (1) proprietary business operations and practices, (2) employee payroll and time records, (3) overtime compensation polices, and (4) personnel records of non-parties. UPS seeks a protective order (1) prohibiting the disclosure of this confidential information to non-parties and competitors of UPS and (2) limiting plaintiff's use of the information to this case. The proposed order allows a party to designate certain information as confidential and a procedure for the opposing party to challenge the designation, if necessary. Plaintiff opposes the motion, arguing that UPS has not shown good cause for such an order.

The court is satisfied that UPS has shown good cause for entry of a protective order. UPS's human resource manager, Gayle Ferguson, has submitted an affidavit that UPS possesses information concerning its proprietary business operations, employee payroll and timekeeping records, compensation polices, and personal information related to current and former UPS employees. This information is generally not available to the public and disclosure to unrelated non-parties or competitors could harm UPS and/or its employees. Under the circumstances, UPS has satisfied the threshold requirement of good cause for entry of a protective order.

Plaintiff's opposition to UPS's motion is misguided and based on his mistaken understanding that the proposed protective order somehow limits UPS's disclosure of information to plaintiff and his attorney.[1] However, contrary to plaintiff's misinterpretation, the proposed protective order establishes a protocol for expedited disclosure of information to plaintiff. Most importantly, the "limitations" in the order restrict disclosure to non-parties and competitors, not plaintiff. Additionally, the proposed order limits plaintiff's use of the "confidential" information to this lawsuit. Plaintiff offers no explanation why UPS's confidential and proprietary information should be used for purposes beyond this lawsuit.

Plaintiff also objects that the proposed order does not explicitly require UPS to exercise "good faith" when designating certain information as "confidential." Although "good faith" is implicit in the order, UPS has agreed to add explicit language in the protective order requiring "good faith" when designating certain information as "confidential." Because UPS has shown good cause and plaintiff's objections are without merit, the motion shall be granted.

---

[1] For example, plaintiff argues that UPS fails to show any "clearly defined" injury from disclosing information "to plaintiff." (Doc. 19, p. 2). Similarly, plaintiff argues that good cause does not exist because "plaintiff poses no danger to defendant as a competitor." Id.

**IT IS THEREFORE ORDERED** that UPS's motion for a protective order **(Doc. 14)** is **GRANTED.** Defendant shall revise and submit a protective order consistent with the rulings herein by **March 31, 2011.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 21st day of March 2011.

                                         S/ Karen M. Humphreys
                                         _____
                                         KAREN M. HUMPHREYS
                                         United States Magistrate Judge